**COURT OF CHANCERY**
**OF THE**
**STATE OF DELAWARE**

SAM GLASSCOCK III
VICE CHANCELLOR

COURT OF CHANCERY COURTHOUSE
34 THE CIRCLE
GEORGETOWN, DELAWARE 19947

Date Submitted: October 11, 2017
Date Decided: January 19, 2018

Michael Kelly, Esquire
Andrew Dupre, Esquire
Janine Fabien, Esquire
McCarter & English LLP
405 North King Street, 8th Floor
Wilmington, DE 19801

Herbert Mondros, Esquire
Margolis Edelstein
300 Delaware Ave., Suite 800
Wilmington, DE 19801

Re: *Lyons Insurance Agency Inc. v. Wilson*, Civil Action No. 2017-0092-SG.

Dear Counsel:

Before me is a Motion for Leave to File an Amended Answer and Verified Counterclaims (the "Motion to Amend" or the "Amendment") seeking to assert a claim that the Defendant, Howard Wilson, was not paid a $25,000 salary increase owed to him under an employment contract. The Amended Counterclaim seeks statutory damages, and recovery of the allegedly unpaid salary under sundry other theories. The Motion to Amend is denied because the proposed new counterclaims fail to state a claim, and the Amendment would thus be futile. My analysis follows.

## I. BACKGROUND

The underlying claim by Plaintiff Lyons Insurance Agency Inc. ("Lyons") alleges that Defendants Howard Wilson and GMG Insurance Agency ("GMG")

conspired to have Wilson violate an employment agreement with Lyons by competing against Lyons for certain insurance clients.[1] Wilson left Lyons's employment in August 2016 and thereafter began working for Defendant GMG, a competitor of Lyons. Lyons's Complaint seeks injunctive relief and damages. Wilson and GMG filed a timely Answer and Counterclaim, alleging Lyons's tortious interference with Defendants' prospective contractual relations with one another. Wilson now contends that, during discovery in this matter, he "learned" that he had not been given a salary increase promised him as an inducement to employment. According to the Amendment, the promise is memorialized in Lyons's July 14, 2014 offer letter of employment to Wilson (the "Offer"), which Wilson accepted. The Offer states in pertinent part as follows:

> Your starting salary will be $205,000.00 annually which is paid in the amount of $8541.66 per pay on the 15th and the last day of the month . . . . On your one-year employment anniversary with our company, (approximately July 18, 2015) and pending approval from your manager and CEO, David Lyons, Sr., your annual salary will increase to $230,000 . . . .[2]

After the Defendants filed their Answer and Counterclaims, they:

> [L]earned that [Defendant] Wilson did not receive the $25,000.00 salary increase that was due to him as per the Offer, and that Defendant Howard Wilson has a potential claim under the Delaware Wage Payment and Collection Act . . . ("DWPCA"), as well as potential

---

[1] Verified Compl. for Injunctive Relief ("Compl.") ¶¶ 1–2.
[2] Compl. Ex. B; Mot. to Amend ¶ 4.

2

claims for promissory estoppel, breach of the covenant of good faith and fair dealing, and negligent misrepresentation.[3]

The Defendants filed the Motion to Amend in order to "conform to these facts."[4] I note that the incongruous assertion that Wilson was unaware that he had not been paid the salary promised is belied by his own testimony:

> Q. Did you ever have any discussions with [manager] Joe Valerio about why you're not receiving that salary increase?
>
> A. We did talk about it and I expressed a little bit of concern, but I knew everything that was going on and I didn't really push it. Joe had mentioned to me as well that, you know, he was due a bonus that he had never received. So he expressed some concern there on his part, on his own part. So, you know, I just basically left it. You know, I didn't want to raise it as a major issue.[5]

The Defendants argue that this Court's "liberal standard for allowing amendments to pleadings," and a purported lack of prejudice toward the Plaintiff at this early stage of litigation, should require this Court to allow the Amendment.[6] The Defendants also argue[7] that the Plaintiff would not be prejudiced by the Amendment due to notice of a potential amendment through Wilson's deposition testimony on June 1, 2017:

> Q: I need to know if you're square with Lyons. Do they owe you any money? Did they pay you everything they promised to pay you, et cetera? . . . What's your knowledge? Do you think you're square or not square?

---

[3] Mot. to Amend ¶ 6; 19 *Del. C.* § 1101.
[4] *Id.* ¶ 8.
[5] June 14, 2017 Oral Arg. on Pl.'s Mot. for Prelim. Inj. 108:3–109:9.
[6] Mot. to Amend ¶¶ 9–14, 16–17.
[7] *Id.* ¶ 15.

> A: I would say no. I was per my, per my offer letter I was supposed to get an increase in salary. I don't know off the top of my head, but I want to say 25,000, somewhere in that range in the second year. It never happened. I never really questioned it.[8]

The Defendants contend that the Amendment is plainly supported by the evidence and "not futile."[9]

The Plaintiff argues that the Defendants' Motion to Amend is a "litigation ploy" designed to "prolong and unduly complicate" the resolution of the Plaintiff's pending Motion for Summary Judgment and the case itself.[10] The Plaintiff argues that the DWPCA claim fails because the $25,000 payment was discretionary and outside the definition of "wages" under the DWPCA.[11] The Plaintiff also contends that the Offer cannot give rise to a cause of action because the $25,000 payment was discretionary on its face, that Wilson did not properly plead or rely on any purported promise of $25,000 as required to plead promissory estoppel and negligent misrepresentation, and that any DWPCA claim is time-barred.[12]

---

[8] *Id.* Ex. D, June 1, 2017 Dep. of Howard Wilson, 73:21-74:11.

[9] Mot. to Amend ¶ 17.

[10] Pl.'s Opp'n to Defs.' Mot. for Leave to File a First Am. Answering and Verified Countercl. ¶ 1 ("Answering Br.").

[11] Answering Br. ¶¶ 6–8.

[12] *Id.* ¶ 10–13; 10 *Del. C.* § 8111 ("No action for recovery upon a claim for wages . . . shall be brought after the expiration of 1 year from the accruing of the cause of action on which such action is based."). Because of my decision here, I need not reach Lyons's argument that Wilson's salary claim is time-barred.

## II. ANALYSIS

Chancery Court Rule 15(a) provides that the amendment sought requires consent of the Court, but that leave shall be freely given as justice requires.[13] Here, given the stage of the proceedings and the lack of prejudice to the Counterclaim Defendants, a non-frivolous amendment would appropriately be granted. However, if it appears that the claims added would fail a motion to dismiss, litigant's economy dictates that an amendment should be denied. "A court will not grant a motion to amend . . . if the amendment would be futile. An amendment is futile if it would not survive a motion to dismiss under Court of Chancery Rule 12(b)(6)."[14] Accordingly, I apply a motion to dismiss standard in review of the Motion to Amend. When reviewing a motion to dismiss under Court of Chancery Rule 12(b)(6),

> (i) all well-pleaded factual allegations are accepted as true; (ii) even vague allegations are well-pleaded if they give the opposing party notice of the claim; (iii) the Court must draw all reasonable inferences in favor of the non-moving party; and (iv) dismissal is inappropriate unless the plaintiff would not be entitled to recover under any reasonably conceivable set of circumstances susceptible of proof.[15]

I need not, however, "accept conclusory allegations unsupported by specific facts or . . . draw unreasonable inferences in favor of the non-moving party."[16] In

---

[13] Ct. Ch. R. 15(a).
[14] *Cartanza v. Lebeau*, 2006 WL 903541, at *2 (Del. Ch. Apr. 3, 2006).
[15] *Savor, Inc. v. FMR Corp.*, 812 A.2d 894, 896–97 (Del. 2002) (footnotes and internal quotation marks omitted).
[16] *Price v. E.I. DuPont de Nemours & Co.*, 26 A.3d 162, 166 (Del. 2011).

5

addition, I refer to certain documents that are incorporated by reference in the Motion to Amend.[17]  I address each purported new cause of action in turn.

The flaw in Wilson's general premise is that the promise relied on in the Offer is for a salary increase conditioned on approval "from your manager and . . . David Lyons, Sr."  The Amendment does not allege such approval was granted, and therefore the facts pled cannot sustain a claim for damages.  Presumably, this is why Wilson eschews a contract claim, and instead seeks statutory and equitable relief.

*A. The DWCPA (Proposed Count II)*

Wilson[18] asserts entitlement to statutory damages under the DWCPA.  The DWCPA states that "[i]f an employer, without any reasonable grounds for dispute, fails to pay an employee wages, as required under this chapter, the employer shall, in addition, be liable to the employee for liquidated damages in the amount of 10 percent of the unpaid wages for each day . . . ."[19]  The employer may also be liable for attorneys' fees and prejudgment and post-judgment interest.[20]  The DWPCA defines wages as "compensation for labor or *services rendered* by an employee,

---

[17] *See, e.g., Amalgamated Bank v. Yahoo! Inc.*, 132 A.3d 752, 797 (Del. Ch. 2016).
[18] I refer to the Counterclaim Plaintiff as "Wilson."  I note that the Proposed Counterclaim purports to seek relief on behalf of "Wilson and GMG."  To the extent appropriate, a reference to "Wilson" in this Letter Opinion includes GMG.
[19] 19 *Del. C.* § 1103(b)
[20] *Id.* § 1113.

6

whether the amount is fixed or determined on a time, task, piece, commission or other basis of calculation."[21]

Here, Wilson does not dispute that he was compensated for his services, at a salary of $205,000 annually. He disputes Lyons's decision not to award him a salary increase. The Offer, however, states that the $25,000 salary increase is conditional on "approval from [the] manager and the CEO, David Lyons, Sr.,"[22] approvals that the Amendment fails to allege were granted. A discretionary increase cannot be "compensation for labor or services rendered"[23] under these circumstances. Because the discretionary salary increase is outside of the scope of the DWCPA, Count II fails to state a claim.

### B. Promissory Estoppel (Proposed Count III)

A claim for estoppel based on a promise requires allegations that:

> (1) a promise was made; (2) it was the reasonable expectation of the promisor to induce action or forbearance on the part of the promisee; (3) the promisee reasonably relied on the promise and took action to his detriment; and (4) such promise is binding because injustice can be avoided only by enforcement of the promise.[24]

Promissory estoppel requires "a real promise, not just mere expressions of expectation, opinion, or assumption."[25] Such a promise must be "reasonably

---

[21] 19 *Del. C.* § 1101(a)(5) (emphasis added).
[22] Compl. Ex. B; Mot. to Amend ¶ 4.
[23] 19 *Del. C.* § 1101(a)(5).
[24] *Grunstein v. Silva*, 2009 WL 4698541 at *7 (Del. Ch. Dec. 8, 2009).
[25] *James Cable, LLC v. Millenium Digital Media Sys., L.L.C.*, 2009 WL 1638634, at *5 (Del. Ch. June 11, 2009).

7

definite and certain."[26]  Moreover, promissory estoppel is inapplicable where the parties' rights are governed by an enforceable contract.[27]  Here, Wilson relies on a contractual promise "as evidenced by the [Offer]"; the Offer, however, sets a base salary of $205,000, which will be raised to $230,000 after one year's employment "pending approval from [a] manager and the CEO . . . ."[28]  This is not a promise of a salary increase; it is at most a statement of intention, cabined by the employer's discretion.  Such an expression of intent cannot be used to establish a promissory estoppel claim.[29]

### C. The Implied Covenant (Proposed Count IV)

Wilson's claim of breach of the implied covenant of good faith and fair dealing fails to state a claim.  The implied covenant fills a gap of which a court can say that, had the parties considered the situation, they would surely have filled in a certain way.  The covenant thus requires "a party in a contractual relationship to refrain from arbitrary or unreasonable conduct which has the effect of preventing

---

[26] *Id.*

[27] *SIGA Techs., Inc. v. PharmAthene, Inc.*, 67 A.3d 330, 348 (Del. 2013).

[28] Compl. Ex. B; Mot. to Amend ¶ 4.

[29] Proposed Count III alleges that "several of Wilson's business relationships . . . bec[a]me estranged and even severed" due to litigation with a former employer.  A similar allegation is raised in Counts IV and V, purportedly stating claims for the implied covenant of good faith and fair dealing and for negligent misrepresentation.  It is unclear to me how this alleged loss relates to promissory estoppel, the implied covenant, or negligent misrepresentation claims.  Instead, it seems to be based on a separate and unpled contractual indemnification claim; in any event, it does not bolster the analysis for promissory estoppel, the implied covenant, or negligent misrepresentation.

the other party to the contract from receiving the fruits[] of the bargain."[30]  The

implied covenant must "advance[], and . . .  not contradict, the purposes reflected

in the express language of the contract."[31]  To state a claim, "a litigant must allege

a specific obligation implied in the contract, a breach of that obligation, and

resulting damages."[32]  Here, the Defendants ask me to convert an explicit but

conditional promise to give Wilson a raise into an implied and unconditional

promise.  However, the language in the Offer is clear that the $25,000 raise

depended on the discretion of Wilson's manager and the CEO.[33]  Wilson does not

allege that the discretion was exercised in his favor, or even that it was withheld in

bad faith.  The language of the contract makes it clear that any salary increase was

subject to management approval, and that Wilson had no enforceable right to such

an increase.  He has not stated a claim under the implied covenant.[34]

*D. Negligent Misrepresentation (Proposed Count V)*

Negligent misrepresentation, a.k.a. equitable fraud, is a cause of action[35] that

arises where a special duty to provide information exists; in such a case, equity will

---

[30] *Fortis Advisors LLC v. Dialog Semiconductor PLC*, 2015 WL 401371, at *3 (Del. Ch. Jan. 30, 2015) (citing *Dunlap v. State Farm Fire and Cas. Co.,* 878 A.2d 434, 442 (Del.2005)).
[31] *Id*.
[32] *Id*.
[33] Compl. Ex. B.
[34] *See supra* note 29.
[35] *Metro. Life Ins. Co. v. Tremont Grp. Holdings, Inc.*, 2012 WL 6632681, at *17 (Del. Ch. Dec. 20, 2012) (describing the required elements for a claim of negligent misrepresentation).

9

grant relief without a showing of scienter as required with common-law fraud.[36]  A ". . . negligent misrepresentation claim lies only if there is either: (i) a special relationship between the parties over which equity takes jurisdiction (like a fiduciary relationship) or (ii) justification for a remedy that only equity can afford."[37]  The Defendants' claim of negligent misrepresentation here purports to derive from Lyons's alleged "pecuniary duty to provide Wilson with accurate information in regard to Wilson's compensation and pay structure . . . ."[38]  The Defendants allege that Lyons "led Wilson to believe that he would earn a $25,000.00 pay raise after completion of one year of employment."[39]  The parties to the Offer were, respectively, a prospective employer and employee negotiating a contract; this is not a fiduciary or similar relationship giving rise to a special duty. In addition, Wilson's  allegation ignores the plain language that conditions a pay increase on the manager and CEO's approval; Wilson was on notice that an increase in salary was within the discretion of  Lyons's managers.[40]  Count V fails to state a claim.[41]

---

[36] *Id*. at *18 ("Negligent misrepresentation differs from fraud only in the level of scienter involved; fraud requires knowledge or reckless indifference rather than negligence.").

[37] *Envo, Inc. v. Waters*, 2009 WL 5173807 at *6 (Del. Ch. Dec 30, 2009).

[38] Mot. to Amend Ex. B ¶ 41.

[39] *Id.* ¶ 42.

[40] Compl. Ex. B; Mot. to Amend ¶ 4.

[41] *See supra* note 29.

## III. CONCLUSION

The Defendants' Motion to Amend is denied. To the extent the foregoing requires an Order to take effect, IT IS SO ORDERED.

Sincerely,

*/s/ Sam Glasscock III*

Sam Glasscock III